IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. CR-F-09-273 LJO |
|---|---|
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS**  (Doc. 88) |
| vs. | |
| JEFF LIVINGSTON, | |
| Defendant. / | |

## INTRODUCTION

Defendant Jeff Livingston ("Mr. Livingston") moves for a bill of particulars pursuant to Fed. R. Crim. P. 7(f). Mr. Livingston argues that the allegations of the indictment provide inadequate notice of the charges against him, and fail to comport with the Fifth and Sixth Amendments of the United States Constitution. Through this motion, Mr. Livingston seeks an order to require the government to specify and identify certain allegations contained in paragraphs 3-10 and 17 of the superceding indictment. Having considered the parties arguments, the allegations of the superceding indictment, the discovery provided to Mr. Livingston by the government, and additional information provided by the government to Mr. Livingston, this Court finds that the government has provided Mr. Livingston with adequate information regarding the nature of the charges against him. Accordingly, Mr. Livingston's motion for a bill of particulars is DENIED.

///

## BACKGROUND

A September 23, 2010 superceding indictment charges Mr. Livingston with six counts of mail fraud (counts 1-6), in violation of 18 U.S.C. 1341, and three counts of "theft by an officer or employee, in violation of 18 U.S.C. §1168(b) (counts 7-9). This motion concerns each mail fraud count (counts

1-6) and count 9.[1]

The indictment covers a sixteen-month time period, from October 2006 through January 2008. During that time, Mr. Livingston was the general manager at Chuckchansi Gold Resort and Casino ("Casino"). The Casino's marketing budget during that time period was over $15 million. Mr. Livingston argues that with such a large budget, a large period of time, and "bare-bones allegations" in the superceding indictment, the "hypothetical permutations on what Mr. Livingston is charged with, and will have to defense against at trial, is almost limitless."

As to counts one through six, the superceding indictment includes an approximate date mailed (as to each count) and a description of the alleged item mailed (as to each count).

The government contends that the superceding indictment adequately informs Mr. Livingston of the charges against him. In addition, the government supports its position by pointing to a November 17, 2010 letter to defense, additional discovery provided to defendant, and evidence presented at the original trial.

Mr. Livingston moved for a bill of particulars on December 17, 2010. The government opposed this motion on January 21, 2011. This Court finds this motion suitable for a decision without a hearing, VACATES the February 11, 2011 hearing on the motion and issues the following order.

### STANDARD OF REVIEW

This Court "may direct the government to file a bill of particulars" pursuant to Fed. R. Crim. P. 7(b). A motion for a bill of particulars is appropriate where a defendant requires clarification in order to prepare a defense. *Will v. United States*, 389 U.S. 90, 99 (1967); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). A bill of particulars is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *Long*, 706 F.2d at 1054 (citing *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978), *cert. denied sub nom.*, *Clayton v. United States*, 441 U.S. 962, 99 S. Ct. 2408, 60 L. Ed. 2d 1067, *rehr. denied*, 442 U.S. 948, 99 S. Ct. 2897, 61 L. Ed. 2d 320 (1979)).

---

[1] Mr. Livingston went to trial on counts 7 and 8, charged as counts 1 and 2 in the original indictment. Full discovery obviates the need for a bill of particulars. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054 (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir.), *cert. denied*, 444 U.S. 979 (1979)). Full discovery will obviate the need for a bill of particulars. *Id*. The decision whether to grant a request for a bill of particulars is directed to the trial court's discretion. *Will v. United States*, 389 U.S. 90, 99 (1967).

### DISCUSSION

Mr. Livingston alleges that the superceding indictment lacks specificity. He argues that he is severely hampered in his preparation and ability to present an adequate defense at trial because of the "bare-bones allegations" of the superceding indictment. Mr. Livingston's argument ignores the following significant facts:

1. Prior to the April 2010 jury trial on the original indictment, the government produced approximately 2467 pages of documents in discovery to Mr. Livingston.

2. Since May 2010, the government has provided Mr. Livingston with approximately 184 pages of additional discovery in response to an additional defense request to additional discovery related to the superceding indictment.

3. In a November 17, 2010 letter, the government provided specific additional information to the defense concerning the specific property that is the subject of counts 1-6 and 9, including:

Count 1:   Check in payment for, among other things, a diamond necklace purchased for $1,000 at a Kitahara Foundation auction in and about October 2006.
Count 2:   Bank of America commercial card statement including, among other charges, a charge for a Hawaii vacation package purchased for $7,000 at a St. Agnes Medical Center Foundation event in and about May 2007.
Count 3:   Check in payment for, among other things, a Hawaii vacation package purchages for $7,000 at St. Agnes Medical Center Foundation event in and about May 1007.
Count 4:   Bank of America commercial card statement including, among other charges, amounting to $25,000 (consisting of charges in the amounts of $10,000, $10,000, and $5,000) for down payments on personal vehicles at Bret's Ford in and about June and July 2007.
Count 5:   Bank of America commercial card statement including, among other charges, a $15,500 charge (Gallery of Dreams) for sports and music memorabilia purchased at a Kitahara Foundation auction in and about October 2007 (consisting of a golf package, a signed photo, a fiddle, and a masters green jacket).

3

| | | |
|---|---|---|
| Count 6: | Check in payment for, among other things, $15,500 in sports and music memorabilia purchased at a Kitahara Foundation auction in and about October 2007 (consisting of a golf package, a signed photo, a fiddle, and a masters green jacket). |
| Count 9: | $15,500 in sports and music memorabilia purchased at a Kitahara Foundation auction in and about October 2007 (consisting of a golf package, a signed photo, a fiddle, and a masters green jacket). |

This Court denies a motion for bill of particulars when the indictment, discovery, and other disclosures by the government inform the defendant of the nature of the charges against him so that he may prepare his defense and avoid surprise at trial. *Long*, 706 F.2d at 1054. A defendant cannot use a bill of particulars as a discovery tool to obtain detailed disclosures of the government's evidence prior to trial. *United States v. Giese*, 597 F.2d 1170, 1181 (9th Cir. 1979).

Considering the superceding indictment (which identifies specific dates, documents, and/or objects related to each count), the evidence the government has provided to defense counsel prior to and after the superceding indictment was filed (a total of 2651 pages of discovery documents), and the detailed description of the charges in the November 17, 2010 letter from the government to Mr. Livingston (quoted above), this Court finds that the government has informed Mr. Livingston of the nature of the charges against him, and provided him with adequate information to allow Mr. Livingston to prepare a meaningful defense at trial and to avoid surprise. Accordingly, Mr. Livingston's motion for a bill of particulars is denied.

### CONCLUSION

For the foregoing reasons, this Court VACATES the February 11, 2011 hearing on this motion and DENIES Mr. Livingston's motion for a bill of particulars.

IT IS SO ORDERED.

**Dated:   January 31, 2011**                    /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE