IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    vs.<br><br>JEFF LIVINGSTON,<br><br>    Defendant.<br>                                           / | CASE NO. CR-F-09-273 LJO<br><br>**ORDER ON DEFENDANT'S MOTION FOR DISCOVERY** (Doc. 86) |

### INTRODUCTION

Defendant Jeff Livingston ("Mr. Livingston") moves for the following discovery order: (1) Any evidence discoverable under Rule 16, which as not been provided to the defense as of the date of the hearing on this motion is ordered excluded from the trial; and (2) Any Rule 404(b) evidence, for which the government has not provided notice as of the date of the hearing on this motion is ordered excluded from the trial. Mr. Livingston bases this request on two grounds. First, pursuant to Rule 16(a), discovery shall be provided to the defendant. Second, the government "shall provide reasonable notice in advance of trial" as to the nature of Rule 404(b) evidence. The trial is scheduled to begin on June 13, 2011. In opposition, the government argues that the law does not support a blanket exclusion of further Rule 16 evidence if not disclosed four months prior to trial. In addition, the government moves for reciprocal discovery. Having considered the parties arguments, the applicable case law, and the document-intensive nature of this action, this Court rules that all discovery must be produced no later than 40 days prior to the beginning of trial, unless otherwise permitted by law.

**BACKGROUND**

A September 23, 2010 superceding indictment charges Mr. Livingston with six counts of mail fraud (counts 1-6), in violation of 18 U.S.C. 1341, and three counts of "theft by an officer or employee, in violation of 18 U.S.C. §1168(b) (counts 7-9). The indictment covers a sixteen-month time period, from October 2006 through January 2008. During that time, Mr. Livingston was the general manager at Chuckchansi Gold Resort and Casino ("Casino"). The Casino's marketing budget during that time period was over $15 million. The indictment identifies checks and credit card statements which concern 386 separate purchases, woth $178,880.97, made by eleven individuals. The government has already produced documents in excess of 2,500 pages in discovery.

Mr. Livingston moved for a discovery order to cut-off discovery as of the date of the hearing on the motion, February 11, 2011. The trial is scheduled to begin on June 13, 2011.

The government opposed this motion on January 21, 2011. The government argues that a blanket discovery cut-off four months prior to trial is not supported by the law. The government agrees to respond to the discovery requests in a timely manner. In addition, the government moves for a reciprocal discovery order.

This Court finds this motion suitable for a decision without a hearing, VACATES the February 11, 2011 hearing on the motion and issues the following order.

**DISCUSSION**

Pursuant to Fed. R. Crim. P. 16 and this Court's inherent authority to manage its docket, the Court may exercise its discretion to require the parties to produce discovery. *See, United States v. Grace*, 526 F.3d 499 (9th Cir. 2008). Although the government has no duty to provide defense counsel with unlimited discovery, it is reasonable to require the prosecutor to respond to requests that are material to the charges. *United States v. Agurs*, 427 U.S. 97 (1976).

Considering the superceding indictment (which identifies specific dates, documents, and/or objects related to each count), the evidence the government has provided to defense counsel prior to and after the superceding indictment was filed (a total of 2651 pages of discovery documents), and the detailed description of the charges in the November 17, 2010 letter from the government to Mr. Livingston, this action is document-intensive. Both parties must have time to prepare for trial

adequately. Accordingly, the parties shall respond to discovery requests and produce discovery no later than 40 days prior to June 13, 2011.

The Court notes, however, that this order is limited to that evidence covered by Rule 16 and Rule 404(b). To be subject to Rule 16, papers, documents, and tangible objects must be in the actual possession, custody, or control of the government. *United States v. Gatto*, 763 F.2d 1040 (9th Cir. 1985). The government's opposition demonstrates that by statute, some evidence is not required to be produced until certain requirements are met (*see, e.g.*, Jencks Act: no statement or report shall be subject to discovery until said witness has testified on direct examination). The scope of this order does not include that evidence which is governed by other statutes.

## CONCLUSION

For the foregoing reasons, this Court VACATES the February 11, 2011 hearing on this motion and GRANTS the parties' reciprocal motions for discovery. **All Rule 16 and Rule 404(b) discovery must be produced no later than 40 days prior to the beginning of trial, unless otherwise permitted by law.**

IT IS SO ORDERED.

**Dated:     January 31, 2011**               /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE